IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZACH GORDON, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-182 |
| | ) | (Formerly CR 119-018) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I.   BACKGROUND**

On February 6, 2019, the grand jury in the Southern District of Georgia charged Petitioner with (1) Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. § 846 and (2) Possession With Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1). United States v. Gordon, CR 119-018, doc. no. 3 (S.D. Ga. Feb. 6, 2019) (hereinafter "CR 119-018"). On August 7, 2019, the grand jury returned a superseding indictment, amended on September 17, 2019, which

charged Petitioner on the same counts.  Id., doc. nos. 122, 143.  On September 17, 2019, Petitioner, represented by attorney Joseph T. Rhodes, pled guilty to Possession With Intent to Distribute Controlled Substances.  Id., doc. nos. 146, 151-52.  In exchange for Petitioner's guilty plea, the government agreed to dismiss the indictment's remaining count, make no objection to a two-point acceptance of responsibility reduction if recommended by the U.S. Probation Office, move for an additional one-point reduction under U.S.S.G. § 3E1.1(b), and stipulate at sentencing the offense involved between forty and fifty grams of methamphetamine.  Id., doc. no. 152, pp. 3-4.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guideline imprisonment range at 151 months to 188 months.  PSI ¶ 25, 37, 68.  On July 16, 2020, Chief United States District Judge J. Randal Hall sentenced Petitioner to 154 months imprisonment, three years supervised release, a $1,500 fine, and a special assessment of $100.00.  CR 119-018, doc. no. 186.  The judgment was entered on July 17, 2020.  Id., doc. no. 187.  Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on December 13, 2021.  (Doc. no. 1, p. 2.)  Petitioner alleges defense counsel rendered ineffective assistance by failing to adequately review and object to the PSI, failing to object to the drug quantity, and advising Petitioner to stipulate to drug quantity.  (Id. at 1-2.)

**II.     DISCUSSION**

    **A.     The Motion Is Untimely**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's judgment of conviction was entered on July 16, 2020, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on July 30, 2020.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1).  Petitioner signed the present motion on December 13, 2021, and the Clerk docketed the motion on December 16, 2021.  (Doc. no. 1, p. 2.)  Thus, Petitioner filed his § 2255 motion over sixteen months after his conviction became final, and his motion is untimely.

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 384 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence

4

. . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), cert. denied, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion.  Through Petitioner mentions COVID-19 briefly, Petitioner makes no arguments concerning his circumstances and whether he exercised diligence during the sixteen months he took to file his § 2255 petition.  In any event, delays due to COVID-19 are not extraordinary circumstances for the purpose of equitable tolling.  See Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (explaining COVID-19 not an extraordinary circumstance because all prisoners attempting to access legal resources subject to COVID-19 protocols).  Additionally, the fact that Petitioner is *pro se* does not excuse filing the present § 2255 motion after expiration of the one-year statute of limitations.  Johnson v. United States, 544 U.S. 295, 311 (2005) ("[T]he Court has never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness.")  Finally, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him.  Accordingly, Petitioner is not eligible for equitable tolling.

III.   **CONCLUSION**

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA